## GRAYSON v. DAMME et al.

No. 4497—Opinion Filed May 16, 1916.
Rehearing Denied June 27, 1916.
(158 Pac. 387.)

**Appeal and Error—Trial—Harmless Error—Instructions—Invading Province of Jury.**

The giving of a requested instruction upon the weight of any part of the evidence, or otherwise invading the province of the jury is reversible error.

(Syllabus by Collier, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by Jane Grayson against Fritz H. Damme and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

See, also, ante, p. 213, 155 Pac. 1159.

William Neff and Wm. B. Moore, for plaintiff in error.

Geo. S. Ramsey, Edgar A. de Meules, Malcolm E. Rosser, and Sol H. Kauffman, for defendants in error.

Opinion by COLLIER, C. This is an action brought by the plaintiff in error against defendants in error to recover certain lands described in the petition.

The evidence, so far as is necessary to recite for a review of this case, is that the land in controversy was a part of the surplus allotment of the plaintiff; that E. H. Moore and another gentleman contracted to buy the land for $1,000 without seeing it, and the deed was made; that this was in Moore's office in Okmulgee; that after plaintiff signed the deed and acknowledged it he stepped into another room for 15 or 20 minutes and came back and said his partner did not want to pay the money until he had seen the land; that it was then agreed that they should pay her $100 and put the deed in the bank until they could look at the land, after which she was to be paid the sum of $900 or get the deed back; that the parties went to the bank in Okmulgee to put the deed in escrow; that defendants looked at the land, and then refused to pay the $900 upon the ground that they could not afford to pay the $1,000 as agreed; that plaintiff offered them the $100 back, which had been paid her, but defendants demanded $50 extra for their trouble, which plaintiff did not pay; that plaintiff left $100 with her father for defendants, and told them that she was leaving the $100 with her father for them; that she went to the bank to see about the deed, and found it was no longer there; and that she was illiterate.

George C. Beidleman testified that he and Moore agreed with the plaintiff upon the price of $1,000; that he thought they paid her $100 that day, but it might have been only $50; that his recollection was that after the deed was executed they went to the First National Bank, and that the assistant cashier took the acknowledgment, and that the deed was left at the bank; that they were going to look at the land and look up the title before paying the rest of the money. He also admitted that the plaintiff wanted them to take back the $100 paid by them, and they refused. The evidence further showed that shortly after the execution of the deed the same was duly recorded, and that the transaction between the plaintiff and E. H. Moore and Beidleman had been principally transacted by said Moore (who was not examined as a witness), and that he (Beidleman) was not familiar with the transaction.

At the request of the defendants the court gave the jury the following instruction:

"The mere fact that it seems to be admitted that the deed from Jane Grayson to E. H. Moore and George C. Beidleman was carried to and placed in the bank by the parties would not, of itself, be any evidence of the fact as to whether or not the deed was placed in escrow or was delivered to Moore or Beidleman. You must determine from the evidence of the witnesses and all of the circumstances concerning the transaction as to what the intention of the parties was as to whether or not the deed should be considered as delivered to the said Moore and Beidleman or considered as having been placed in escrow."

To which the plaintiff duly excepted.

The court gave various other instructions, which, under the view we take of the case, we deem unnecessary to consider.

The jury returned a verdict for the defendants. Plaintiff timely moved for a new trial, which was overruled and excepted to, and brings error to reverse said judgment.

We are first met with a motion on the part of the defendants to dismiss the appeal, which, as the record then stood, was well taken, but, that part of the record upon which the motion was predicated having been amended under an order of this court, the motion to dismiss is without merit, and should be denied.

The sole question involved in this case is whether or not the deed of the plaintiff to Moore and Beidleman, through which the defendant claims, was delivered by the plaintiff to Moore and Beidleman. If the said deed was delivered to Moore and Beidleman, the verdict is correct. If, on the other hand, said deed was not so delivered, the verdict is an error. Consequently the vital question for the jury was as to the delivery of said deed, and they should have considered all

the evidence, including the actions of the parties at the bank without any expression on the part of the court as to the weight of any part of said evidence, and we are of the opinion that the giving of the said requested instruction hereinbefore set out was upon the weight of a part of the evidence properly before the jury, an invasion of the province of the jury, and a reversible error. That the court must not charge upon the weight of any part of the evidence, or in any manner invade the province of the jury, is so elementary as not to require the citation of authorities in support thereof.

As from the conclusion reached a reversal of this case must follow, we deem it unnecessary to review any other error assigned than the one considered.

This case should be reversed and remanded.

By the Court: It is so ordered.