## LETCHER v. MALONEY et al.

No. 8825—Opinion Filed April 16, 1918.

Rehearing Denied May 21, 1918.

(172 Pac. 972.)

1. **Evidence — Pleading — Trial — Admissions—Question for Jury.**

The allegations in a petition which has been superseded by amended petition complete within itself, and which does not make the original petition a part thereof by reference or otherwise, are not conclusive upon the plaintiff, but may be introduced in evidence as admissions against interest, subject to be denied or explained by the plaintiff, and the question raised between the allegations in the original petition and the testimony denying or explaining such allegations is a queston of fact for the jury.

2. **Principal and Agent—Nondisclosure of Agency—Liability of Agent.**

One who, without disclosing his agency, enters into a contract in his own name with one who has no knowledge of his agency, binds himself.

3. **Mines and Minerals—Contract to Drill Well—Breach—Measure of Damages.**

Where plaintiff enters into a contract with defendant to drill an oil well to a stipulated depth at a stipulated price per foot, and plaintiff commences drilling and drills to a depth of ten feet, when a dispute arises over the lease and the defendant delays drilling and requests plaintiff to remain on the lease until an adjustment of the dispute can be made, then finally stops the drilling altogether and prevents the completion of the well, an instruction which in effect defines the measure of damages which plaintiff is entitled to recover as expenses necessarily incurred in moving the rig and drilling machinery to location, necessary expenses in rigging up and drilling to the point when interrupted, and reasonable compensation for the plaintiff's loss of time in remaining on the premises at the special instance and request of the defendant, under the pleading and evidence, properly states the measure of damages to which the plaintiff is entitled to recover.

(Syllabus by Pryor, C.)

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action by James T. Maloney against F. R. Letcher and the Canadian Oil & Gas Company. Judgment for plaintiff, motion of defendant Letcher for new trial overruled, and he brings error. Affirmed.

H. B. Martin and R. A. Reynolds, for plaintiff in error.

G. C. Spillers, for defendant in error, James T. Maloney.

Opinion by PRYOR, C. This action was commenced on the 22d day of October, 1912, in the superior court of Tulsa county, by James T. Maloney against the plaintiff in error, F. R. Letcher, and the defendant in error Canadian Valley Oil & Gas Company, to recover damages for breach of an oil and gas drilling contract. The parties will be referred to as they appeared in the trial court.

The plaintiff alleges, in substance, in his amended petition, that on the 7th day of September, 1912, he entered into an oral contract with the defendant F. R. Letcher to drill for the said F. R. Letcher an oil well on a quarter-section of land lying in Tulsa county to the depth of 1,260 feet; that the contract price for the drilling of said well was 85 cents per foot; that in pursuance to the said contract he moved all necessary drilling machinery and equipment on said premises and commenced drilling and drilled to the depth of 10 feet, when there arose a dispute between Letcher and J. H. Winemiller as to the lease on the premises, and the defendant suspended the drilling and had the plaintiff to wait for 39 days until the adjustment of the controversy as to the lease, and at that time stopped the drilling altogether and prevented the plaintiff from completing the well under the contract; that the plaintiff has been damaged in the sum of $1,353 by the wrongful acts of the defendant in preventing the plaintiff from completing said well under his contract, in expenses in moving the machinery and equipment on the premises, and in loss of time.

The answer of the defendant Letcher admits the execution of the contract, but alleges that the same was executed by him as president of the Canadian Oil & Gas Company, and that the contract was made and entered into on behalf of said company, and

that the defendant Letcher was in no wise liable under said contract, but that the liability, if any, was a liability of the defendant oil company, and that plaintiff knew at the time of the making of the contract that the contract was being made for and on behalf of the defendant oil and gas company.

The cause was tried to the court and jury, and judgment was had for the plaintiff in the sum of $1,180. The defendant filed motion for new trial, which was overruled, and he appeals to this court.

The assignments of error of the defendant, stated briefly, are: (1) That the verdict of jury was not supported by the evidence; (2) that the trial court erred in admitting any evidence on the part of the plaintiff against the defendant F. R. Letcher; (3) that the court erred in its instructions to the jury.

The plaintiff in his original petition alleged that the contract was entered into with the defendant Letcher and the defendant Canadian Valley Oil & Gas Company. It is the contention of the defendant Letcher that the plaintiff is bound by the allegations of his original petition, and that under his original petition he could only recover against the defendant oil and gas company, and there was no liability on behalf of the defendant Letcher; that Letcher only acted as agent for the defendant oil and gas company, his principal; and that the plaintiff could not introduce evidence to deny or contradict the allegations of defendant.

While it is a general rule that the pleader is bound by the allegations of his pleading and cannot introduce evidence contradicting the facts alleged, there is a distinction between a pleading that has been substituted by amended pleading and the one on which the issues are made. The plaintiff went to trial on the amended petition.

When an amended pleading is complete within itself and does not make the original pleading a part thereof by reference or otherwise, it becomes a substitute for and supersedes the original pleading, and the cause of action stands for trial on the amended pleading and the original pleading ceases to be a part of the record, and the allegations contained in the original pleading, substituted and superseded by the amended pleading, are not conclusive on pleader, but the original pleading may be introduced in evidence as admissions of the pleader against his interests. However, such admissions are subject to be denied, contradicted, and explained, and the issues raised by the admissions of such pleading and the evidence introduced by the pleader to contradict or explain such admissions are questions of fact to be determined by the jury, Lane v. Choctaw, Okla. & Gulf Ry. Co, 19 Okla. 324, 91 Pac. 883; Gaar, Scott & Co. v. Rogers, 46 Okla. 67, 148 Pac. 161.

The testimony of the plaintiff refutes squarely whatever admissions there may be in his original petition as to his knowledge or notice of the interest of the Canadian Valley Oil & Gas Company in the contract.

The law is well established that, where an agent enters into a contract with a third person and does not disclose to the third person his principal, the agent is liable upon the contract, unless the third person has knowledge that the agent has acted for his principal.

"The duty rests upon the agent, if he would avoid personal liability, to disclose his agency, and not upon others to discover it. It is not, therefore, enough that the other party has the means of ascertaining the name of the principal; he must have actual knowledge, or the agent will be bound. There is no hardship to the agent in this rule, as he always had it in his power to relieve himself from personal liability by fully disclosing his principal and contracting only in the latter's name. If he does not do this, it may well be presumed that he intended to make himself personally responsible. The subsequent disclosure of the principal by the agent is not sufficient, nor is the commencement of an action against the principal conclusive evidence of an intention to hold him alone. Nothing short of satisfaction from the principal would in such a case be conclusive evidence of a discharge of the agent." Mechem on Agency, § 554, quoted with approval in McConnell v. Holderman, 24 Okla. 129, 103 Pac. 593; Calman v. Kreipke, 40 Okla. 516, 139 Pac. 698; Clark and Skyles Law of Agency, § 556; Deming Inv. Co. v. McGrady, 59 Okla. 27, 157 Pac. 734.

The plaintiff testified positively that he had no knowledge of Letcher acting for the oil and gas company, that the first time he was informed that the defendant Letcher had acted for the oil and gas company in making said contract was after the contract had been breached and the plaintiff and defendant Letcher were trying to compromise the difference between them. As seen above, the disclosure of the principal of the agent must be made before or at the time of entering into the contract with a third person, and the disclosure of the agent's principal subsequently is not sufficient.

The defendant Letcher contends that the

court erred in its instructions as to the law governing and determining the damages plaintiff had suffered. The court instructed the jury, in effect, that the measure of damages which plaintiff was entitled to recover would be the expense necessarily incurred in hauling said rig and machinery from the point north of Tulsa to the said location, the expenses necessarily incurred in rigging up and drilling to the point where interrupted, if any, the reasonable compensation for the plaintiff's services in removing said rig, reasonable compensation for the enforced idleness of the rig, if any, while remaining upon said premises, and the reasonable value of the plaintiff's services lost during said time in remaining on the premises at the special instance and request of defendant.

This instruction, under the pleadings and evidence, fairly and impartially stated the law as to the measure of damages to which plaintiff was entitled, and the instruction given by the court is in conformity with the law laid down in the case of First National Bank Building Co. v. Vandenburg, 29 Okla. 583, 119 Pac. 224; also, the instruction of the court is supported by the case of United States v. Behan, 110 U. S. 339, 4 Sup. Ct. 81, 28 L. Ed. 168.

As to the contention that the evidence does not sustain the verdict of the jury, an examination of the evidence clearly shows that the verdict is amply sustained by the evidence in this case.

Therefore the judgment of the trial court should be affirmed.

By the Court: It is so ordered.