## ELWOOD OIL & GAS CO. v. McCOY et al.

No. 8969—Opinion Filed Feb. 25, 1919.

(179 Pac. 2.)

(Syllabus.)

### 1. Pleading—Amendment.

Where plaintiffs' petition set forth the contract, alleged part performance by plaintiffs and a breach thereof by defendant, and demanded judgment for the value of certain services performed by plaintiffs and for certain other items, it was not error to permit an amendment, alleging the customary and usual price for such services and praying judgment for the reasonable value thereof.

## 2. Work and Labor—Services—Completion.

Where a party to a contract was wrongfully prevented by the other from entirely performing his part of the contract, the party prevented from performing will be entitled to recover the value of the services performed by him.

## 3. Same—Breach by Employer—Damages.

Where the contract price for drilling an oil and gas well was $1.50 per foot and the party drilling the well was wrongfully prevented by the other party to the contract from completing the well, in the absence of any evidence showing the application of such rule to be unfair, it is proper to estimate the value of the work performed by the contract price per foot.

## 4. Contracts — Nonperformance—Liability.

Where one party to a contract becomes involved in difficulties not occasioned by his own fault, the other party may not assume that he will be unable to complete his contract and deprive him of the opportunity to do so and prevent him from recovering for the value of the services performed.

## 5. Appeal and Error—Amendment Treated as Made—Conformity to Proof.

Where in the absence of any allegation as to usage and custom, evidence thereof is admitted without objection, the pleadings will be considered as amended to conform to the proof.

Error from District Court, Tulsa County; W. J. Campbell, Judge.

Action by C. M. McCoy and J. K. Gano, partners under the firm name of McCoy & Gano, against the Elwood Oil & Gas Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

West, Sherman Davidson & Moore, for plaintiff in error.

Robert A. Lowrey, for defendants in error.

HARDY, C. J. C. M. McCoy and J. K. Gano, as partners, brought this action against Elwood Oil & Gas Company, to recover the value of certain work performed by them in drilling an oil well for defendant, and recovered judgment, from which defendant prosecutes error.

At the conclusion of all the evidence and over the objection of defendant, by leave of court plaintiffs amended their petition so as to pray judgment for the value of the services furnished. In permitting this the court committed error. No issue was joined on the petition as amended, nor further evidence offered, and the cause was submitted to the jury. It is urged for reversal of this case that the suit as originally commenced was on the contract and not upon quantum meruit or upon quantum valebat, and that there could therefore be no recovery for the cost of partial performance. We do not so construe the original petition. The allegations recited the contract, part performance thereof, and a breach by defendant and demanded judgment for the services performed and for certain other items. The amendment did not change the nature of plaintiff's action nor demand relief different from that originally prayed. A similar situation was presented in Limerick v. Lee, 17 Okla. 165, 87 Pac. 859, where plaintiff had contracted to do certain painting, finishing, etc.; upon defendant's house for a certain sum, payable when the work was completed. Defendant failed to select paper to be used in papering three of the rooms, for which reason plaintiff did not complete the contract. Plaintiffs' original petition set out the contract, and prayed judgment for the contract price. By leave of court he amended his petition and pleaded that he had not completed the contract through the fault of defendant in failing to select the paper, and prayed judgment for the value of the material furnished and labor performed. The court held there was no abuse of discretion in permitting the amendment, for the reason that the contract set out and the material furnished and services performed and the amount claimed were the same in both the original and amended petition.

The contract provided that plaintiffs were to be paid for drilling a well to the Bartlesville sand at $1.50 per foot, payable within ten days after the completion of the well. The parties had in mind that each should perform his part of the contract according to the letter and spirit of the agreement. It was not contemplated that either should prevent performance by the other. According to the custom prevailing in the Cushing field, defendant furnished a rig to be used in drilling the well, and it was its duty to furnish a packer to shut off the gas encountered in the process of drilling. When the well had been drilled to a depth of 2 261 feet, large quantities of gas were encountered. Defendant furnished a packer, which failed to work and thereupon defendant directed plaintiffs to draw the casing for the purpose of ascertaining what steps might be necessary to shut off the gas. They succeeded in removing all but about 500 feet, which remained "hung up." This section of the casing could be raised or lowered about 18 feet and no more, and in attempting to remove it the crown block upon the rig broke, causing the casing to telescope. Thereafter efforts were made under the direction of defendant to remove the casing.

On July 15th, defendant demanded that plaintiffs complete the well in five days or remove their tools. Plaintiffs continued their efforts to remove the casing until about August 19th, when defendant demanded that they remove their tools from the premises and cease operations, and defendants went upon the premises, removed plaintiffs' tools from the rig and from the premises. There was evidence tending to show that had plaintiffs been permitted to continue their efforts to remove the casing they would have succeeded in doing so within three or four days; also that it was possible to drill by the casing. Plaintiffs were given no opportunity to drill another well near the same location. Under these circumstances, when defendant wrongfully · prevented plaintiffs from performing their agreement, plaintiffs would be entitled to recover the value of the services performed by them. 3 Elliott on Contracts, § 2149; First National Building Co. v. Vandenberg, 29 Okla. 583, 119 Pac. 224; Letcher v. Maloney et al., 70 Okla. 65, 172 Pac. 972; United States v. Behan, 110 U. S. 339, 4 Sup. Ct. 81, 28 L. Ed. 168; Thompon et al. v. Brown et ux., 106 Iowa, 367, 76 N. W. 819.

It is urged that there is no proof of the value of the services performed and no evidence from which the court or jury might determine the amount which plaintiff was entitled to recover. The contract price for the completed well was $1.50 per foot, and under the circumstances presented it was permissible to estimate the value of the work by the contract price. 3 Elliott on Contracts, §§ 2149, 2150; Limerick v. Lee, supra; 3 Sutherland, Dam. 713. This furnishes a satisfactory method for determining the value of the services performed; and, if there are any facts which would make this rule unfair in its operation, the defendant had the opportunity to show such facts. It would be a manifest injustice to permit defendant to wrongfully breach · its contract, prevent performance, and then urge that . the contract was entire and inseverable, and claim that because plaintiffs did not complete the contract they could not recover the value of the services performed by them in good faith in an honest effort to carry out the contract. It does not lie in the mouth of defendant under these circumstances to say that the contract had not been completed. Nor does the fact that defendant did not use the well alter the situation.

It is urged that plaintiffs waived the breach of the contract because they knew of the defect in the rig and packer no later than June 8th, at which time they had a right to sue for the breach of the contract, but did not do so, and without objection undertook to complete the well. This argument is not sound. Plaintiffs had the right, if they were unable to recover the casing, to drill a new well. There was nothing in the contract which prevented them, if one well failed, to drill a second. They were endeavoring in good faith ·to complete the first when they were ordered off the lease by the defendant. When one contracting party can show ·that the other prevented performance by him, it will usually ·be taken as prima facie true that he would have been able to perform ·his part of the contract had he not been thus prevented. 3 Elliott, Cont. § 1914, p. 76. Defendant had no right to assume that plaintiffs would not recover the casing and complete the well, or failing in this. prevent them from drilling a new well. The evidence shows that in a great majority of cases like this the casing is recovered. Plaintiffs had succeeded in ·removing the top of the casing to a point where they could insert a tool, called a "bell socket," to go over the top and within the casing in such a manner, that the casing could have been made fast and have been lifted, and were waiting for a tool of this kind. Even had this failed, it was shown in many cases operators have been able to drill past the casing. When one party to a contract becomes involved in difficulties, not occasioned by his own fault, the other party may not assume that he will be unable to do so, and thereby deprive him of the opportunity to complete the contract and prevent him from recovering for the value of the service performed. 3 Elliott, Cont. p. 80 § 1919. There was no prejudicial error in the instructions. While there was no issue made· by the pleadings as to the usage and custom prevailing at the place where the well was to be drilled, proof of such custom was made without objections, and the pleadings will be considered as amended to conform to the proof.

Whether defendant breached its contract in any particular or prevented performance by plaintiffs was duly submitted to the jury, and there was evidence to reasonably support the finding of the jury upon these · issues.

The judgment is affirmed.