**FISK v. ELLIS.**

No. 18326. Opinion Filed July 31, 1928.

Rehearing Denied Oct. 23, 1928

J. B. Drennan and Breeden & Breeden, for plaintiff in error.

J. E. Falkenberg and W. H. C. Taylor, for defendant in error.

LEACH, C. Earl Ellis, defendant in error, as plaintiff below, filed this action in the district court of Grant county, against F. B. Fisk, defendant below, plaintiff in error here, wherein he sought to recover from defendant, Fisk, the sum of $394 for personal services rendered as chauffeur for defendant in taking him to and from his home, during the period from the 1st day of July, 1923, to the 10th day of April, 1926 (985 hours) ; also to recover the sum of $40 for services rendered during a period of four months in tending a furnace in defendant's residence, and $5 for repairing same, it being alleged that such services were rendered at the special instance and request of defendant.

Defendant answered by general denial, and further alleged the services rendered by plaintiff as set forth in his first cause of action were gratuitous, or rendered on behalf of the town of Medford, who paid plaintiff therefor. As to the care of the furnace, defendant alleged such services were gratuitous; that plaintiff refused to make any charge or accept pay therefor, and that defendant had given to the plaintiff a note for such services. the note given was one executed by plaintiff to defendant; that plaintiff broke one of the grates in the furnace, and defendant purchased a new

one, and plaintiff put it in without charge; that part of defendant's answer, wherein he alleged certain of the services were performed for and paid by the town of Medford, was, upon motion of plaintiff, stricken from the answer.

Upon a trial of the cause, a general verdict was rendered in favor of plaintiff for the sum of $265, and judgment rendered accordingly, motion for new trial was overruled, and defendant appeals and sets forth several grounds of error for reversal of the cause.

The parties will be referred to herein as they appeared in the trial court.

The first assignment of error presented is that the court erred in sustaining plaintiff's motion to strike from defendant's answer that part thereof wherein the defendant alleged plaintiff was in the employment of the town of Medford engaged in looking after the town water and light system, and was paid by the town for the services which he sought to recover for in this action; that he, defendant, was chairman of the board of trustees of the town, and upon his suggestion the board advanced the monthly wage of plaintiff $5 per month to cover the service rendered, including certain janitor service performed by plaintiff; that plaintiff accepted such advance in salary in consideration of such service. Notwithstanding the ruling of the court sustaining the motion to strike, evidence was admitted in support of such stricken portion of the answer, and the court, in stating the issues, advised the jury of the defense pleaded, the same as though no portion of the answer had been stricken. The action of the trial court in sustaining the motion to strike, in view of its later action, does not appear to have been prejudicial to defendant.

The 3rd, 4th, 5th, 6th, and 7th assignments of error are that the verdict is contrary to law and the evidence, and that the court erred in refusing to sustain demurrer to plaintiff's evidence.

The evidence in the case discloses that the defendant, Fisk, was a member of and chairman of the board of trustees of the town of Medford during the period of time mentioned in this action : that the plaintiff, Ellis, was employed by the town to keep in repair the water and light system of the town. and was under the direct instructions of the defendant ; that the town furnished plaintiff a Ford auto to be used in his work on behalf of the town ; that the plaintiff's

wife was employed by the defendant in his office; that plaintiff hauled the defendant back and forth from his residence to his office in the town Ford, the plaintiff living part of the time in the residence of the defendant. There was some evidence that plaintiff drove defendant in his, defendant's, auto out in the country at different times, although the principal part, if not all, of the time sought to be recovered for by plaintiff was for service in hauling the defendant back and forth from his residence to his office in the town car, and a portion, if not all of such time, was within the time and period plaintiff was paid for working for the town.

When it is shown, as in the instant case, that the plaintiff seeks to recover from an individual for services rendered as a chauffeur while driving the town automobile, propelled by gas paid for by the town, to enforce payment for such service from such town official, or any other person, would be in violation of sound public policy and detrimental to public welfare. The fact that defendant in this case was a superior officer and employee of the town, and requested or directed the plaintiff to haul him in the town automobile, does not, under the facts shown, warrant the court in enforcing any agreement between the parties respecting the payment for such service.

The defendant in his testimony seeks in part to justify his conduct, in using for his personal accommodation and benefit the town car and the service of a co-employee who is paid by the town, upon the ground that he, defendant, did enough work for the town to pay for transporting him back and forth. If such reasoning were sound, then it might justify the direct taking of public moneys, as is intimated in the record to be the cause of the dismissal of the plaintiff from the town service. The methods of obtaining the public funds may have been different, but the effect on the taxpayer and the public treasury is the same. and in law and good morals there is no difference. An employee or public official, regardless of the importance of his position, should not use his official position for private gain or benefit to himself or others. Use of state or public owned automobiles by officials and employees for their private benefit and use is far too frequent, is but a form of graft, and cannot be justified or made respectable under any rule or argument. Even though the chauffeur service sought to be recovered for while driving the town car be rendered

by plaintiff outside of his regular hours of employment by the town, which does not appear to be the fact here, this would not change our view of the rule. Plaintiff was furnished an automobile for use in discharge of his duties on behalf of the town, and he had no legal or moral right to use such auto or drive the same in private use, and benefit and collect for his time and service in driving the same. If he were permitted so to do, then he could demand high wages for such service, since the use of the automobile would be free.

The defense of public policy has no element of punishment in it, nor is it allowed out of consideration for the defendant. It is upheld by the consideration which the law ever entertains for the protection of the public, and the settled policy of the courts to give no aid to the enforcement of contracts whose general tendency is injurious to the public. Hence the courts refuse all relief to one who asks compensation for the doing of an act which is conclusively presumed to be hurtful to public interest or morals.

The demurrer should have been sustained as to all that part of plaintiff's claim for services rendered while driving the town automobile either while on or off duty.

What we have said as to plaintiff driving the town automobile would have no application to the services, if any, rendered in driving defendant's auto when off duty.

The evidence on behalf of plaintiff in support of his claim for other service was very meager and unsatisfactory. However, there was some evidence from which an inference might be drawn that defendant was liable to plaintiff for the other services rendered, sufficient to warrant a submission to a jury under proper instructions.

The eighth assignment of error is failure and refusal of trial court to instruct upon the defense pleaded, upon which evidence was admitted. The ninth assignment is error of court in giving instruction No. 2.

The only instruction given the jury, aside from the usual formal instructions, was No. 2, which is as follows:

"Gentlemen of the jury. you are instructed that where one person renders work, labor and personal services to another at the request of the latter, that the law presumes that the person accepting and receiving the benefit of the same shall pay a reasonable value thereof, and if you find from a preponderance of the evidence in this case that

plaintiff rendered work, labor and personal services| to defendant as an auto driver, and in caring for the furnace at defendant's home, that the defendant is liable to the plaintiff for such services in its reasonable value, and your verdict should be for the plaintiff in such sum"

—which instruction was objected and excepted to by defendant.

In the case of Remarkis v. Reid, 64 Okla. 104, 166 Pac. 728, the court therein referred to the case of Evans v. Henry, 66 Ill. App. 144, in which latter case it is said;

"Where the intention to claim compensation for services rendered is an afterthought, no recovery can be had."

In the case of James v. O'Driscoll (S. C.) 1 Am. Dec. 632, it is said in the syllabus:

"Where services. are rendered as an act of kindness, they cannot afterwards form the foundation of a pecuniary demand on contract"

—and in the body of the opinion:

"* * * That all contracts must be good or bad in their original creation, and must not depend on subsequent contingencies; that is, whether the party chose to make it a gift, or a charge at a future day or not. That it will never permit a friendly act, or such as was intended to be an act of kindness or benevolence, to be afterward converted into a pecuniary demand. * * *"

"No binding promise to make compensation for personal services can be implied or inferred in favor of one person against another, unless the party furnishing the services then expected, or had reason to expect, compensation from the other party. Assumpsit cannot be based on a spontaneous and unasked service, rendered through kindness or other motive, and not to be accounted for on the theory of an expectation of payment. This is but a corollary of the general principle in the law of contracts, that all contracts must be good or bad in their original creation, and must not depend on subsequent contingencies. Liability for services cannot hinge on whether the party chooses at a future date to make them a gift or a charge." 28 R. C. L. p. 670.

The evidence on the part of defendant was ample and sufficient to raise the question of whether or not the services rendered by plaintiff were gratuitous. and defendant was entitled to have such issue submitted to the jury under proper instructions. The instruction given and referred to herein is not clear, as we view it, in its meaning. and omits the question of whether or not the services, if any, were gratuitous.

"It is the duty of the court to submit to the jury, and give instructions thereon, any issue, theory or defense, where there is competent evidence reasonably tending to support the same." Republic Nat. Bank of St. Louis, Mo., v. First State Bank of Oilton, 110 Okla. 299, 237 Pac. 578; Klein v. Muhlhausen, 83 Okla. 21, 200 Pac. 436.

For the reasons herein stated, the cause is reversed, with directions to grant defendant a new trial.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.