## T. G. HAGAMAN, *Who Sues for Himself and Others,* v. J. A. DITTMAR.

CEMETERY; *Dedication to Public Use.* P. being in possession of a quarter-section of land, the title to which he was seeking to acquire under the homestead law, caused a small tract thereof to be laid off for a burial ground. Lots were staked out, corner-stones set, and a plat made. His intention was to donate this tract for a public burial-ground for the neighborhood. This was in 1870. In 1874 he acquired a patent, and in 1877 he deeded the quarter-section to defendant, who purchased with full notice. From the time this ground was laid out into burial lots until after the conveyance to defendant, the public, with the knowledge and consent of P., treated this as a burial-ground, and from year to year buried the dead there. *Held,* That though P. had not at the time of his attempted dedication the title to the land, his acts at that time, together with his subsequent assent to the use of the ground for burial purposes, amounted to a dedication which was binding upon him and his grantee.

### *Error from Clay District Court.*

ACTION brought by *Hagaman* against *Dittmar*, to restrain him from plowing and cultivating a certain tract of land claimed to be a public burial-ground. Trial at the January Term, 1880, of the district court, and judgment for defendant. The plaintiff brings the case here. The opinion states the facts.

*C. M. Kellogg,* for plaintiff in error.

*M. M. Miller,* for defendant in error.·

The opinion of the court was delivered by

BREWER, J.: This was an action brought by plaintiff for himself and all others interested, to restrain defendant from plowing and cultivating a certain tract of land claimed to be a public burial-ground. This tract, amounting to one and a quarter acres, was a part of a quarter-section taken under the homestead law. The testimony is not preserved in the record, but the case stands simply upon the pleadings, find-

ings and judgment. The findings of fact and conclusions of law are as follows:

"1. That Elmer Putnam, in the year 1870, was in possession of the S.W. ¼ of sec. 23, T. 6, R. 1, east, in Clay county, Kansas, under the act of congress of May 20, 1862, for securing homesteads to actual settlers upon the public domain, and remained in possession of said premises for five years thereafter, and a patent was issued to him on the 10th day of February, 1874.

"2. That in the year 1870, while said Putnam was in possession of said premises, the burial-ground described in the petition in this case was laid off, and lots therein staked out, and corner-stones set at the corners of said tract of land, with the consent and under the direction of said Putnam; and a plat thereof was made, the object of said Putnam being to donate to the neighborhood the said burial-ground for burial purposes.

"3. That Hagaman, the plaintiff, selected a lot in said burial-ground, and buried his wife thereon August 7, 1870, with the consent of said Putnam.

"4. That since said time, and prior to the commencement of this action, there were buried from time to time and year to year twenty-five different persons in said burial-ground, with the consent of said Putnam, and before he sold said premises..

"5. That on December 17, 1877, defendant purchased the quarter-section in question from said Putnam, having full notice of the fact that said burial-ground was on said quarter-section, and that the burials had been there with the consent of Putnam, the grantor.

"6. That said defendant has refused to allow further burials to be made in said burial-ground, and has plowed up a portion of the same.

"7. That two or three tombstones have been erected in said burial-ground."

As conclusions of law, the court finds:

"1. That the defendant ought to be perpetually enjoined from cultivating any portion of said burial-ground and from interfering with any of the graves therein.

"2. The defendant should be enjoined from interfering with the plaintiff, or the relations of the persons buried in said burial-ground, in entering upon said ground for the purpose of fencing or ornamenting the same.

"3. That plaintiff and others whom he represents, and all persons whomsoever, should be enjoined from making further burials in said burial-ground.

"4. That the plaintiff and defendant should each pay one-half of the costs of this action."

Of so much of the conclusions of law and judgment as restrains the further use of this ground for burial purposes and apportions costs, plaintiff in error complains. It is urged that these findings show a full dedication for burial purposes, and that such dedication should be upheld. And we think the claim is well founded. The fact that Putnam intended a dedication, is affirmatively found. He proceeded to lay off the ground into lots, and set corner-stones and to prepare a plat. He permitted its use for burial purposes. As against him, no better evidence of a dedication is required. It was held, in *Giles v. Ortman*, 11 Kas. 59, that where it is proven that parties intend a dedication and take steps to carry that intention into effect, very slight testimony will sustain a finding that such dedication was in fact made. Here, the intent is proven, and the facts found clearly establish the dedication as against Putnam. Counsel for defendant seem to claim that time is essential to perfect such a dedication. We do not so understand the law. · Where *user* alone is relied on, then the question of time may become important. The rule is well stated by Chancellor Kent in his Commentary, vol. 3, side p. 451:

"The true principle on the subject, to be deduced from the authorities, I apprehend to be, that if there be no other evidence of a grant or dedication than the presumption arising from the fact of acquiescence on the part of the owner in the free use and enjoyment of the way as a public road, the period of twenty years applicable to incorporeal rights would be required, as being the usual and analogous period of limitation. But if there were clear, unequivocal and decisive acts of the owner amounting to an explicit manifestation of his will to make a permanent abandonment and dedication of the land, those acts would be sufficient to establish the dedication, within any intermediate period, and without any deed or other writing."

It is further urged that at the time Putnam laid off the ground into lots and prepared the plat, the title was not in him but in the United States; his acts, therefore, were not the acts of the owner. This in one sense is true. But he had an inchoate title. He was doing that which would ripen into a title. He was not a stranger to the land. As against every one but the government, he was in a qualified sense the owner; and he carried on that which he was doing until he had perfected the title; and after that, he permitted the use of this land for burial purposes. His subsequent assent was an affirmance of all prior acts. While perfecting his title, he dedicated this burial-ground. After perfecting it, he permitted its use. He is estopped to deny that this is a public burial-ground; and the defendant, purchasing with notice, occupies no better position.

The judgment will be modified, and the case remanded with instructions to strike out that part of the judgment which restrains future and further burials, and to render judgment in favor of the plaintiff for all costs.

All the Justices concurring.