## KOKOMO OIL CO. v. BELL.

No. 9874—Opinion Filed May 10, 1921.

(Syllabus.)

1. **Contracts — Construction — Different Writings.**

When two or more writings are executed at the same time and between the same parties, and concern the same subject-matter, or when the contracts are not executed at the same time, but refer to the same subject-matter, and on their face show that they are each executed as a means of carrying out the intention of the other, they should be construed together.

2. **Same — Construction as a Whole—Intent.**

In construing contracts it is the duty of this court to ascertain the intention of the parties from the language contained therein. and give to said contracts the effect contemplated by the parties at the time of the execution of such contract, and the intention of the parties must be deduced from the entire agreement, not from any part or parts of it standing alone, and, if possible, every part should be made effectual.

3. **Money Received—Right of Action—Failure of Consideration.**

An action for money had and received will lie to recover money paid by plaintiff to defendant for a consideration which has wholly failed, unless the failure of the consideration is due to some fault on the part of the plaintiff himself.

Error from District Court, Washington County; R. B. Boone, Judge.

Action by John A. Bell, Jr., against the Kokomo Oil Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

J. W. Zevely, J. M. Givens, and R. W. Stoutz, for plaintiff in error.

James A. Veasey and J. P. O'Meara, for defendant in error.

NICHOLSON, J. This action was brought in the district court of Washington county by the defendant in error, as plaintiff below, against the plaintiff in error, as defendant below, to recover the sum of $1,600, paid for the assignment of a departmental oil and gas mining lease. The parties will be referred to as they appear in the trial court.

On the 31st day of May, 1912, the plaintiff purchased of the defendant a departmental oil and gas mining lease and paid therefor the sum of $1,600, and on said day the defendant executed to the plaintiff an assignment of said lease in words and figures as follows:

"Assignment of Oil and Gas Lease.

"Whereas, the Secretary of the Interior has heretofore approved an oil and gas mining lease, dated May 12, 1912, entered into by and between J. F. Overfield, lessee, the Kokomo Oil Co., assignee from J. F. Overfield, and Ollie Bunch, lessor, conveying the following described lands in the Cherokee Nation, Oklahoma:

"Southeast quarter of the northwest quarter; north half of northeast quarter of southwest quarter; southeast quarter of northwest quarter of northeast quarter of section 1, township 25 north, range 13 east.

"Now, therefore, for and in consideration of $1,600.00, the receipt of which is hereby acknowledged, the said Kokomo Oil Company, assignee of the lessee in the above described lease, hereby bargains, sells, transfers assigns and conveys all its right, title and interest of the lessee in and to said lease, subject to the approval of the Secretary of the Interior to John A. Bell, Jr., said assignment to be effective from date of approval hereof by the Secretary of the Interior.

"In witness whereof, the said lessee has hereunto set its hand and seal this 31st day of May, 1912.

"Kokomo Oil Company, ·
"By John F. Overfield, President.
"Acknowledgment of Corporation.

"State of Kansas, Montgomery County, ss.

"Before me, a notary public, in and for said county and state, on this 31st day of May, 1912, personally appeared John F. Overfield, to me known to be the identical person who subscribed the name of the maker thereof to the foregoing instrument as its president and acknowledged to me that he executed the same as his free and voluntary act and deed for such corporation, for the uses and purposes therein set-forth.

"(Seal)          Claud Miller, Notary Public.

"My commission expires Nov. 12, 1913."

And on the same date the defendant entered into a contract which, omitting the acknowledgment and description of the land, is as follows:

. "This agreement, made and entered into this 31st day of May, 1912, by and between Kokomo Oil Company, a corporation, of Tahlequah, Oklahoma. first party, and John A. Bell, Jr., of Bartlesville, Oklahoma, second party.

"Witnesseth: That

"Whereas, first party is the owner by assignment of a lease for oil and gas mining purposes executed by one Ollie Bunch on the 12 day of May, 1912, to J. F. Overfield and assigned to first party covering the following described land situate in Washington county, Oklahoma, to wit: * * *

"Whereas, first party has this day executed and delivered to second party an assignment in quadruplicate of the above described oil and gas mining lease on the form and according to the regulations prescribed by the Secretary of the Interior which the second party has paid the first party the sum of sixteen hundred dollars ($1,600.00).

"Now, therefore, in consideration of the premises and the payment of said sum of sixteen hundred dollars ($1,600.00) first party further agrees to execute such further assignments, instruments, affidavits and papers as are necessary to secure the approval of the Secretary of the Interior to the assignment of the above described oil and gas mining lease to the second party.

"In Witness Whereof, the first party has caused its corporate name to be hereunto subscribed by its president and its corporate seal to be hereunto affixed and duly attested by its secretary; and the second party has hereunto subscribed his name the day and year first above written.

"(Seal)          The Kokomo Oil Company,
          "By J. F. Overfield, President,
"Attest: E. B. Huston, Secretary."

It developed later that, at the time this assignment was delivered to the plaintiff and said contract made, there was pending in the office of the Indian agent at Muskogee a lease bearing date April 12, 1912, executed by Ollie Bunch, enrolled as a full-blood citizen of the Cherokee Nation, to J. F. Overfield, and an assignment of said lease from said Overfield to the defendant; that on September 24, 1913, said lease was by the Indian agent forwarded to the Commissioner of Indian Affairs with the recommendation that it be disapproved, and said lease was by the Commissioner of Indian Affairs on November 26, 1913, submitted to the Secretary of the Interior with the recommendation that it be disapproved, and on November 28, 1913, said lease was by the Secretary of the Interior disapproved. The petition in this action was filed on January 5, 1914, and on October 15, 1917, said cause was tried to the court, without the intervention of a jury, and judgment rendered for the plaintiff for the sum of $1,600 with interest thereon at the rate of 6 per cent. per annum from the 31st day of May, 1912, from which judgment this proceeding in error is prosecuted.

The trial was had without producing any witnesses to testify and but one deposition, that of Mr. Hay, a clerk in the Indian office, was read, in which he testified as to the disapproval of the lease. It is admitted by the plaintiff that Overfield made diligent effort to secure the approval of said lease by the Secretary of the Interior, likewise the approval of the assignment of said lease from John F. Overfield to the Kokomo Oil Company, and that his efforts embraced an appeal from the adverse decision of the United States Indian agent to the Commissioner of Indian Affairs and to the Secretary of the Interior, but with ultimate failure.

The case hinges upon the aforesaid assignment and contract, both dated May 31, 1912, and these two instruments, executed at the same time and relating to the same subject-matter, should be construed together. Carter v. Prairie Oil & Gas Co. et al., 58 Okla. 365, 160 Pac. 319; Canadian Coal Co. v. Lynch, 28 Okla. 585, 115 Pac. 466.

The plaintiff in error insists that, inasmuch as the assignment contains no warranty as to the validity of said lease and merely conveyed its right, title, and interest therein, and as the contract provided that the defendant should execute such further assignments, instruments, affidavits, and papers as were necessary to secure the approval of the Secretary of the Interior to said assignment, and as there is no denial that the defendant was always ready and willing to execute all necessary documents that might be effective for that purpose, and that the defendant, through its president, Overfield, made diligent efforts to secure the approval, it is not liable to the plaintiff for the money paid to it by him. On the other hand, the plaintiff contends that he purchased an ap-

proved departmental lease, but that the lease assigned to him by the defendant had not been approved, and in fact was afterwards disapproved by the Secretary of the Interior, and therefore the consideration failed and he is entitled to recover the money paid.

In construing the instruments in question it is the duty of this court to ascertain the intention of the parties by the language contained therein, and give to said instruments the effect contemplated by the parties at the time of the execution of said instruments, and the intention of the parties must be deduced from the entire agreement, not from any part or parts of it standing alone, and if possible, every part should be made effectual. Therefore, let us analyze the assignment and ascertain what the plaintiff purchased, and what the defendant sold, The first paragraph thereof recites:

"Whereas, the Secretary of the Interior has heretofore approved an oil and gas mining lease dated May 12, 1912, entered into by and between J. F. Overfield, lessee, the Kokomo Oil & Gas Company, assignee from J. F. Overfield, and Ollie Bunch, lessor, conveying the following described land in the Cherokee Nation. * * * "

And it is further recited that:

"For and in consideration of $1,600.00, the receipt of which is hereby acknowledged, the said Kokomo Oil Company, assignee of the lessee in the above described lease, hereby bargains, sells, transfers, assigns and conveys all its right, title and interest of the lessee in and to said lease, subject to the approval of the Secretary of the Interior to John A. Bell, Jr., said assignment to be effective from the date of approval hereof by the Secretary of the Interior."

What did the defendant sell and assign to the plaintiff? Clearly the answer is, it sold a lease dated May 12, 1912, which had been theretofore approved by the Secretary of the Interior. Did the plaintiff obtain what he bought and paid for? It is conceded that the lease was not at that time approved, and that afterwards it was disapproved; therefore, he did not obtain what he purchased and paid for, and, as the lease was of no validity without the approval of the Secretary of the Interior, the plaintiff received no consideration for his money. But the defendant contends that, as the assignment and contract only purported to convey the right, title, and interest of the defendant, and neither contains a covenant of warranty as to validity, plaintiff received what he paid for, and that if the lease was not valid, it was his loss. There might be merit in this contention if the defendant had not represented in the face of the assignment that the lease had been approved, but

it cannot be said that the defendant can sell its right, title, and interest in an approved lease, and deliver a lease that is not approved and is subsequently disapproved, and retain the consideration received by it.

Let us now consider the contract of even date with said assignment, and ascertain, if possible, the intention of the parties as expressed therein. This contract recites that the defendant is the owner of the lease mentioned in said assignment; that it has executed and delivered to the plaintiff an assignment of said lease in quadruplicate, and that said plaintiff has paid the sum of $1,-600 therefor, and in consideration of the premises and the payment of said sum of $1,600 the defendant "agreed to execute such further assignments, instruments, affidavits and papers as are necessary to secure the approval of the Secretary of the Interior to the assignment of the above described oil and gas mining lease to the second party."

This contract makes no reference to any act to be done seeking the approval of the lease, but the defendant agreed to execute any additional instruments necessary to procure the approval of the assignment thereof from it to the plaintiff. We are forced to the conclusion that the plaintiff paid his money relying upon the recitation or representation that the lease sold and assigned to him, as stated in the assignment, had been theretofore approved by the Secretary of the Interior; that he was willing to assume the risk of procuring the approval of the assignment to him provided the defendant would execute any further assignments or other instruments made necessary by the demands of the Interior Department, and, in order to satisfy himself that this would be done, he obtained this contract in addition to the said assignment. We cannot believe that the plaintiff paid $1,600 for this lease knowing that it had not been approved, but the transaction, as gathered from the assignment and contract set forth, convinces us that the plaintiff believed that the lease had been approved and contracted with reference to a lease duly approved by the Secretary of the Interior, and, as the lease assigned to him had not been so approved but was subsequently disapproved, the consideration for which he paid has wholly failed, and he is entitled to recover the money paid with interest.

"The rule is well settled that an action for money had and received will lie to recover money paid by plaintiff to defendant for a consideration which has wholly failed, unless the failure of the consideration is due to some fault on the part of plaintiff himself." 27 Cyc. 855, and cases there cited.

See, also, Lawson on Contracts, sec. 50, and cases cited.

There is no intimation that the plaintiff was in any way responsible for the disapproval of this lease, or that the failure of consideration is in any other manner due to any fault on his part; therefore, the judgment of the trial court is in all things affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.