## CHAS. E. KNOX OIL CO. v. McKEE et al.

No. 14493—Opinion Filed Feb. 5, 1924.

(Syllabus.)

1. Cemeteries—Sufficiency of Dedication—Ratification.

M. homesteaded certain lands under homestead act of Congress of May 20, 1862, ch. 75, 12 Stat. L. 392, and prior to receipt of his final certificate, dedicated a portion thereof for cemetery and church purposes in accordance with Rev. St. sec. 2288 (U. S. Comp. St. sec. 4535). After receipt of his final certificate, he continued to acquiesce in the use of the property for burial purposes. Held, that his subsequent assent and acquiescence ratified and affirmed the original dedication.

2. Same—Dedication Irrevocable.

A dedication of lands for a public cemetery, after acceptance by the public, precludes the person who dedicated the same from revoking the dedication.

3. Contracts—Construction—Separate Writings.

Although not executed at the same time, where two written instruments refer to the same subject-matter, and on their face show that they were executed as a means of carrying out the intent of the other, both should be construed as one contract.

Error from District Court, Kay County; Claude Duval, Judge.

Action by Chas. E. Knox Oil Company against Samuel H. McKee and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Geo. W. Bowen and McKeever & Moore, for plaintiff in error.

Geo. S. Ramsey, Felix Duvall, and J. C. Denton for defendants in error.

L. A. Maris, for interveners.

COCHRAN, J. This was an action commenced by the plaintiff in error to enjoin the defendants in error from interfering with it in drilling wells for oil and gas on a certain one-half acre of land in Kay county, Okla. The parties will be referred to as plaintiff and defendants, as they appeared in the trial court. Samuel H. McKee made homestead entry on 160 acres of land in what is now Kay county, Okla., and filed on the same under the homestead act of Congress, of May 20, 1862. On August 2, 1894, McKee's wife died and was buried near the northwest corner of the quarter section, and in September, 1895, Samuel McKee assembled his neighbors and dedicated to the community for church and cemetery purposes a two-acre strip of land out of the northwest corner of said quarter section, one-half acre of which is the land upon which the plaintiff claims an oil lease. This dedication was accepted by the public by an express acceptance by the people of the community, and by the people of the community taking possession of the two acres, fencing it and using the same for cemetery and church purposes. On January 18, 1900, the Prairie View Cemetery Association was organized for the purpose of holding one and one-half acres of the two acres, which had been dedicated for cemetery and church purposes, and on January 10, 1909, a public subscription was taken among the people of the community to raise funds for the erection of a church on a site at the Prairie View Cemetery, such church to be open to all Christian denominations when not in use by the U. B. in Christ Church, and for funeral services at all times. On January 10, 1909, a written contract was entered into between Samuel H. McKee, the U. B. in Christ Church, and the Prairie View Cemetery Association, whereby Samuel H. McKee agreed to deed the one-half acre of land in controversy here to be used for church and cemetery purposes. The following language appeared in the contract:

"The land specified is a gratuitous act on the part of the party of the first part, provided, however, that hitching posts or racks shall be erected so as to protect the fencing belonging to the party of the first part. And it is further required that the west boundary of said one-half acre shall be fenced and hitching racks so erected west of said fence as to correspond with such racks as are now erected in the public highway west of said cemetery site. And it is fur-

ther considered and covenanted that said church when erected shall be opened for any and all funeral services of any or no denomination. And it is further agreed that all denominations shall have the privilege of holding meetings at any time in said church when not occupied by the U. B. in Christ who preached the Word of God, according to judgments of directors in charge of said church. And all those holding services shall be responsible for all damages of the property of said church. And it is further agreed that if said one-half acre shall for any reason be vacated by such church building for a period of two years said title and deed shall by reason of such vacation revert back to the said party of the first part without litigation or expense whatever to said party of the first part. * * *"

On March 25, 1901, a deed to this one-half acre was executed by Samuel H. McKee to the trustees of the U. B. Church. Said deed contained the following clause:

"It is hereby agreed that if said one-half acre shall for any reason be vacated by said church building for a period of two years said title and deed shall by reason of such vacation revert back to the said party of first part."

On March 3, 1923, a lease contract was executed by the board of trustees of the Oklahoma Conference of the U. B. in Christ Church to Charles E. Knox Oil Company, leasing the land in controversy for oil and gas purposes, and the plaintiff is claiming the right to enter upon said land and develop the same for oil and gas under said lease contract. It is the contention of the defendants that this property was dedicated to the public cemetery and church purposes and is being used by the public as such, and that the trustees of the Oklahoma Conference of the U. B. in Christ Church have no ownership in said property and had no right to execute an oil and gas lease thereon. The plaintiff contends that the dedication of this property by Samuel H. McKee in September, 1895, was prior to the time McKee received his final certificate for said property, and was not effective for that reason. The final certificate was received by McKee on September 9, 1901, and from that time until the deed was executed to the trustees of the U. B. in Christ Church on October 18, 1901, he permitted the community to continue to use the property for church and cemetery purposes, and this assent to a continued use for the purpose for which it had been dedicated had the effect and operation as if the dedication had originally been made after the patent issued. Such is the holding in City of Cincinnati v. Lessee White, 6 Peters (U. S.) 341, 8 L. Ed. 453; Hagaman v. Dittmar, 24 Kan. 42; Gourley v. Country-

man, 18 Okla. 220, 90 Pac. 429; Brake v. Blaine, 49 Okla. 486, 153 Pac. 158. The dedication to the public, for cemetery and church purposes, having been completed, McKee was precluded from reasserting any right over the property so long as it remained in public use. City of Cincinnati v. Lessee White, supra; Hunter v. Trustees of Sandy Hill, 6 Hill (N. Y.) 407; Benn v. Hatcher, 81 Va. 85. Samuel McKee was therefore without authority to revoke the dedication of this property by deeding the same to the trustees of the U. B. in Christ Church on October 18, 1901. It is our opinion, however, that the deed by McKee to the trustees of the U. B. Church was not an attempt by him to revoke the prior dedication, but was a consummation of such dedication. In construing the deed we should construe the same in connection with the written contract of January 10, 1901, following the rule stated in Brake v. Blaine, supra, in the 3rd paragraph of the syllabus as follows:

"Although not executed at the same time, where two written instruments refer to the same subject-matter, and on their face show that they were executed as a means of carrying out the intent of the other, both should be construed as one contract." (Canadian Coal Co. v. Lynch, 28 Okla. 585, 115 Pac. 466; Kokomo Oil Co. v. Bell, 81 Okla. 247, 198 Pac. 326.)

While the deed conveyed the legal title to the trustees of the U. B. Church, it is apparent from the written contract and the deed that the trustees of the U. B. Church represented the public and took the legal title for the use and benefit of the public, and the equitable title was therefore in the public. Ritter v. Couch (W. V.) 76 S. E. 428; Board of Trustees v. Trustees of University of Pa. (Pa.) 96 Atl. 123. It is our opinion, therefore, that the trustees of the Oklahoma Conference of the U. B. in Christ Church had no title to the one-half acre in controversy, and that the plaintiff acquired no right to prospect for oil and gas thereon by reason of the lease under which he claims. The judgment of the trial court is therefore affirmed.

JOHNSON, C. J., and MASON, and LYDICK, JJ., concur.