CITY OF McALESTER v. MALONE et al.

No. 34803.    April 23, 1952.

*243 P. 2d 667.*

Walter J. Arnote, McAlester, for plaintiff in error.

Andrews & Stipe, McAlester, for defendants in error.

JOHNSON, J. The parties herein occupied reverse relative positions in the trial court and hereafter will be referred to as they there appeared.

On the 13th day of January, 1947, the defendant city entered into a contract with one of the present plaintiffs, G. W. Malone, and a third party, Fred Malone, under the terms of which they were given the exclusive right to collect garbage and trash from business houses and other commercial establishments in the business district of the city of McAlester and to charge such establishments in accordance with the schedule of rates prescribed by City Ordinance No. 791 and an additional sum of $50 per month was to be paid to them for keeping and maintaining and supervising the city dump ground. This contract contained a provision for termination by either party upon 30 days written notice served upon the other party.

Fred Malone, prior to this action, withdrew from the contract by the mutual consent of all parties and has no further claim or interest in the contract. Thereafter, the defendant entered into negotiations with plaintiffs to purchase certain real estate from plaintiffs resulting in a contract dated December 23, 1947, the terms of which were, in substance, the plaintiffs owned certain real estate amounting to about 10 acres and that the defendant would pay plaintiffs therefor a gross consideration of $1,500 less certain court costs which would be incurred in clearing title to the property, the defendant having agreed to bear all other expenses of a quiet title suit in the matter as part of the consideration for the land. It was further provided therein that:

"As a part of the consideration for procuring the above premises, party of the second part agrees to extend the present contract held by George W. Malone for a period of one year, under the same terms and conditions."

Thereafter, on May 11, 1948, the defendant, through its manager, gave written notice to plaintiffs of termination of their contract to collect garbage and trash in the city of McAlester.

On June 1, 1948, the defendant took over the collection of garbage and trash within the city.

Plaintiffs, on October 9, 1948, filed their petition alleging, inter alia, that the contract of December 23, 1947, which was signed by both parties (plaintiffs and defendant) did not embody a clear, accurate and definite statement of the preliminary "oral" agreements or negotiations relating to the sale of the real estate involved; that a part of the consideration for the realty was the contract with defendant for the collection of garbage and trash within the city; that the contract was unconditional and could not be terminated by written notice; that such action on the part of the defendant was a breach of their contract from June 1, 1948, to December 23, 1948, and thereby damaged them in the amount of $1,050.

On motion of defendant to make plaintiff's petition more definite and certain, the plaintiffs amended their petition by attaching a copy of the prior contract of January 13, 1947, and alleged that the oral agreement or the written agreement of December 23, 1947, contained no provision for termination on 30 days' written notice.

The defendant thereupon filed a demurrer, asserting therein that the petition and amendments did not state a cause of action. Demurrer was overruled with exceptions.

Defendant answered denying generally plaintiffs' allegations and admitted the execution of the contract of December 23, 1947, asserting that it contained the actual agreement between the parties; that this contract extended the prior contract of January 13, 1947, under the same terms and conditions which included the provision for termination upon 30 days' written notice; that such notice was properly served thereby terminating that part of the contract of December 23, 1947, pertaining to garbage and trash collections within the city. The answer concluded by prayer that plaintiffs take nothing and that defendant be discharged with costs.

Plaintiffs filed a reply and the cause was tried to a jury. At the close of plaintiffs' evidence in support of their allegations, defendant interposed a demurrer which was overruled. Thereupon, the defendant adduced its evidence and at the close of all evidence, defendant moved for an instructed verdict, which motion was overruled; whereupon the court instructed the jury and counsel for each side argued their theory of the cause, and the jury rendered a verdict in favor of the plaintiffs in the sum of $850.

The defendant moved for a judgment notwithstanding the verdict on the grounds that the evidence did not sustain the verdict, and that same was contrary to law, which was overruled with exception. Thereupon, a motion for new trial was overruled, resulting in this appeal.

Defendant admittedly paid plaintiffs the $1,500, less the court costs, and no claim is made by defendant that the extension of the contract held by George W. Malone, one of the plaintiffs, was not an extension for one year of a contract with defendant granting to plaintiffs the exclusive rights to collect garbage and trash from business and commercial houses in the city and to charge scheduled rates therefor as provided by the city ordinance; but it is, however, contended by defendant that even though the extension was a part of the consideration for the transaction, that since the prior contract provided that either party may terminate it upon 30 days' written notice and the extension being "under the same terms and conditions", that it could, with legal propriety, immediately after the contract was so entered into, give the required 30-day notice of termination of the contract and thereby legally,

under the terms of the contract, terminate it; and that by reason thereof its demurrer to plaintiffs' petition should have been sustained. We do not agree.

Under Title 15, O. S. A. §154, it is said:

"The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."

Obviously, such a construction would result in an absurdity.

In construing contracts, it is the duty of this court to ascertain the intention of the parties from the language contained therein and give to said contracts the effect contemplated by the parties at the time of the execution of such contract, Kokomo Oil Co. v. Bell, 81 Okla. 247, 198 P. 326; and the intent of the parties is to be ascertained from the language used in the contract, if it is clear and does not involve an absurdity. Brown v. Coppadge, 54 Okla. 88, 153 P. 817.

This contract provides that the gross consideration to be paid plaintiffs is $1,500, but elsewhere therein it provides for a further consideration, the expense of quieting plaintiffs' title and the extension of the garbage contract, and giving to this language its ordinary meaning, there is no means of determining what value should be placed upon the extension of the contract for garbage and trash collection within the city. The consideration is indivisible, rendering the word "gross" meaningless.

To adopt the reasoning of the defendant that it may terminate the contract immediately after it was consummated upon giving 30 days notice in writing, would involve an absurdity and produce an unreasonable result. Crosbie v. National Bank of Commerce, 86 Okla. 174, 207 P. 311. We think, under the circumstances, that unquestionably what was meant by "under the same terms and conditions" referred to the compensation plaintiffs would receive

from the garbage contract for another year, and we so hold.

An examination of the entire record discloses that the contention of defendant that the court erred in refusing to sustain its demurrers to the plaintiffs' petition and plaintiffs' evidence is without merit. Likewise, its objections to certain instructions and the admission of certain evidence of plaintiffs are without merit. Also, defendant's complaints of error as to court's overruling its motions for directed verdict for judgment notwithstanding the jury's verdict and for a new trial were properly overruled.

The instructions given to the jury by the trial court, when considered as a whole, stated the issues and the law applicable thereto.

There was competent evidence reasonably tending to support the verdict of the jury and judgment of the trial court based thereon.

Judgment affirmed.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.