**BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY, State of Oklahoma, Plaintiff in Error,**

v.

**James W. COTTINGIM and Dona Cottingim, Defendants in Error.**

**No. 41741.**

Supreme Court of Oklahoma.

Jan. 7, 1969.

Bob J. Vinzant, Rogers County Atty., Claremore, for plaintiff in error.

Schuman, Pray & Doyle, Stan P. Doyle, Tulsa, for defendants in error.

IRWIN, Vice Chief Justice.

Defendants in error, herein referred to as plaintiffs, are the equitable owners of a certain described tract of land in Rogers County. A road which has been used by the general public since 1944, meanders across this land and plaintiffs claim the road is a private road and not a public road. Plaintiffs commenced this proceeding against the Board of County Commissioners of Rogers County, to enjoin the Board from asserting any right or interest to said road, and for a judicial determination that said road is a private road.

The trial court determined that the road was a private road and permanently enjoined the Board from asserting any right, title or interest therein. The Board of County Commissioners has appealed from the order overruling its motion for a new trial.

Plaintiffs proceeded on the theory that there had been no dedication of the road for public purposes; that the use of the road had been by permission of plaintiffs and their predecessors in title; and that the road had always been posted as a private road and that the traveling public recognized it as a private road.

The Board of County Commissioners defended the action on the theory that the road had become a public road by prescription; and also on the theory that an implied common-law dedication had been made by plaintiffs' predecessors in title. The Board filed a cross-petition and prayed that its title, possession and control of the road be quieted and that plaintiffs be enjoined from doing any acts inconsistent with the Board's ownership and possession.

The road in question traverses land that was formerly owned by Sooner Coal Mining Company. In 1944 the coal company was conducting strip-mining operations on the land and constructed the road. The west boundary line of the land is a north-south section line and at the time the road was constructed, a county road along this north-south section line was open. This new road and the section line road intersected at the southwest corner of the land. Beginning at this point, the new road meanders in a northeasterly direction, thence in a north-

erly direction and ultimately crosses an east-west section line.

In 1944, and subsequent to the time the road in question was constructed, a petition was filed with the County Commissioners which contained the following language: "We the undersigned, do hereby petition the County Commissioners of Rogers County, Oklahoma, to grant the Sooner Coal Mining Company permission to permanently close the following described road, * * *." The road described in the petition was the north-south section line road described above. The petition was signed by 15 people, 5 of whom were employees of the coal company. One of the employees who signed the petition testified that the superintendent of the coal company had submitted the petition to him for his signature.

Thereafter, the Board of County Commissioners adopted a resolution wherein it found that a petition had been filed to close the section line road; that the petitioners were residents who live or own property within the vicinity of the section line road; and that a suitable alternative road had been established to accommodate the people who should otherwise use such road for road purposes. Based upon this finding, the County Commissioners closed the section line road.

After the section line road was closed, the coal mining company conducted its strip-mining operations across a portion of it. Thereafter this section line road could not be used for road purposes after the strip-mining operations and the general public used the new road that was constructed by the coal company. The coal company sold the land in 1949 or 1950 and most of plaintiffs' evidence concerned the use of the road after that time. Although the evidence is not too clear as to who maintained the road prior to the sale of the land in 1949 or 1950, i. e., the county or the coal company; the evidence clearly establishes that the road has been maintained by the county since the land was sold by the coal company. The evidence also discloses that the general public used the road without the consent of any one and that neither plaintiffs nor their predecessors in title interfered with the use of the road by the general public. Plaintiffs and their predecessors in title, (except the coal company) testified that the road was used with their permission but that they always claimed the road as a private road.

One of the present county commissioners of Rogers County was asked: "Assuming that it (the old section line road) could be opened, * * * could it be opened up with any practicality?" His answer was: "No sir, it couldn't and with the amount of tax money we get in one year, it would take all the money I have in one year to open the road, the section line."

The trial court found that the road in question had been used as a mail route, as a school bus route and by the traveling public in general; that any and all use of the road had been with the permission of the owners of the land; that since 1944 all terminal points of the road have been posted with signs indicating that this road *is a private road,* travel at your own risk; and that said signs were posted on said road from the year 1944 until the present. The trial court also found that the road had never been dedicated to the public; and that "neither the Board of County Commissioners nor the public has acquired a prescriptive title to said road by virtue of the use of said road for a period sufficient to acquire prescriptive title to the property".

■ In Chas. E. Knox Oil Co. v. McKee, 101 Okl. 56, 223 P. 880, we held that a dedication of lands for a public use, after acceptance by the public, precludes the person who made the dedication from revoking it. Under the facts and circumstances presented, if Sooner Coal Mining Company dedicated the road in question for public use, the road became a public road and the coal company's successors in title, including plaintiffs, may not revoke the dedication.

■ We will first consider the general principles concerning dedications of land for a public purpose. In Henry v. Ionic

Petroleum Company, Okl., 391 P.2d 792, we said:

"In the case of Williamson v. Needles, 191 Okl. 560, 133 P.2d 211, the first paragraph of the syllabus by the court reads:

" 'Dedications of land for public purposes are of two kinds: First, statutory; and, second, implied or dedications at common law. All that is required to make an implied dedication is the assent of the owner and the use of the premises for the purposes intended by the dedication, for the reason that the law considers the acts of the owner as an estoppel in pais, and precludes him from revoking the dedication. So, where land is platted into streets, lots, and blocks, and the lots are sold according to the plat, the dedication is complete as a common-law or implied dedication, although some of the requirements of the statute have not been observed.'

"In the body of the opinion, we find the following:

" ' "In Morgan v. Railway Co., 96 U.S. 723, 24 L.Ed. 743, the court says:

" ' " " 'All that is required (to make a valid dedication) is the assent of the owner and the use of the premises for the purposes intended by the appropriation. The law considers the owner's acts and declarations as in the nature of an estoppel in pais, and precludes him from revoking the dedication.' " See, also, Moore v. Adams, 200 Ark. 810, 141 S.W. 2d 46.' "

In Board of County Commissions of Garfield County v. Anderson, 167 Okl. 253, 29 P.2d 75, we said:

"An implied common-law dedication is one arising by operation of law, from the acts of the owner. It may exist without any express grant, and need not be evidenced by any writing, nor, indeed, by any form of words oral or written. It is not founded on a grant, nor does it nec-essarily presuppose one, but it is founded on the doctrine of equitable estoppel."

In examining the County Commissioners' proceedings in which the county section line road was closed in 1944, and the evidence concerning the petition and circulation of the same, we find that the Sooner Coal Mining Company was the motivating force in obtaining the closure of the section line road by the County Commissioners. After the road was closed, the coal company's strip-mining operations across the road made the road impassable and it is no longer feasible to utilize said section line for road purposes. In our opinion, the coal company's acts and conduct preclude it and its successors in title from using the road for any purpose inconsistent with the public use, and such acts and conduct constitute an implied dedication of the road in question as a public road.

In Rees v. Briscoe, Okl., 315 P.2d 758, we held:

"In an action of equitable cognizance this Court will examine the whole record and weigh the evidence, and will reverse the judgment of the trial court if found to be against the clear weight of the evidence or is contrary to established principles of equity."

In our opinion the trial court's judgment is contrary to established principles of equity when it failed to determine that the acts and conduct of the Sooner Coal Mining Company constituted an implied common-law dedication of the road in question as a public road. Where the coal company's acts and conduct constitute an implied dedication and such dedication has been accepted, neither the coal company nor its successors in title can revoke such dedication. We therefore hold that the road in question is a public road and the judgment of the trial court must be reversed.

The judgment of the trial court is reversed with directions to enter judgment for the Board of County Commissioners of

Rogers County. However, since by a common-law dedication, fee title to the roadway did not pass (see 23 Am.Jur.2d, Dedication, Sec. 57, p. 50), the judgment shall grant only an easement in favor of the Board of County Commissioners as is necessary for its enjoyment as a public road.

Judgment reversed with directions.

All the Justices concur.