Dear Representative Paul D. Roan,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 In general, what is considered a "public road" with regard to roads under the jurisdiction of county commissioners?
¶ 1 The answer to your question requires a review of State statutes and constitutional provisions as well as case law pertaining to public roads. The Oklahoma Constitution directs the Legislature to provide for building and maintaining public roads. Okla. Const. art. XVI, § 1. "Public road" is defined in the Oklahoma Statutes as "[a] road constructed to connect other public roads or streets, but not connected to the highway." 69O.S. 2001, § 232[69-232]. The term "highway" in the context of this definition apparently refers to the State highway system. In other parts of the Oklahoma Highway Code of 1968, 69 O.S. 2001 Supp. 2002, §§ 101-1964, the terms "road" and "highway" are used interchangeably. "Highway, street or road" is "[a] general term denoting a public way for purposes of vehicular travel including the entire area within the right-of-way." Id. § 222. Whether a road is a "public highway" depends upon whether it is open to the public for purposes of travel. St. Louis S.F. Ry. Co. v.Smith, 137 P. 714, 715 (Okla. 1913). Whether any specific road is a "public road" is a mixed question of law and fact.
¶ 2 The highways of the State are "divided into two classes to be known as the State Highway System and county highway system."69 O.S. 2001, § 501[69-501](A). The Legislature declared its intent to make the State Highway Commission and the Department of Highways the custodians of the State highway system and to "bestow upon the boards of county commissioners similar authority with respect to the county highway system." Id. § 101(g).
¶ 3 Your question addresses the county road system, which is governed by Article 6 of Title 69 of the Oklahoma Statutes. "The county highway system [is] composed of all public roads within any county, less any part of any road or roads which may be designated as a state highway by the State Transportation Commission." Id. § 601(A). "The boards of county commissioners of the various counties [are to] adopt a system of county highways and public roads which shall constitute the county primary road system of their respective counties." Id. § 654. As explained more fully below, "public roads" are those roads opened or designated by the boards of county commissioners and those roads that become public by common law dedication or prescription.
1. Public Roads Designated by Board of County Commissioners
¶ 4 The board of county commissioners of each county has "exclusive jurisdiction over the designation, construction and maintenance and repair of all of the county highways." Id. § 601(A).[1] Pursuant to this section, "the Legislature mandated that the Board of County Commissioners must exercise considerable official discretion in the exercise of their jurisdictional powers" and courts "will not interfere with the exercise of such discretion except in rare cases." Oldfield v.Donelson, 565 P.2d 37, 41 (Okla. 1977) (board of county commissioners had authority to designate a section line which served only one residence as a county road where public funds would not be used to construct or maintain the road).
¶ 5 Historically, public roads have been established on section lines. In the Constitution, the State accepted all reservations and lands for public highways under any grant, agreement, treaty or Act of Congress. Okla. Const. art. 16, § 2. By Act of Congress of May 7, 1890, all land two rods in width on each side of all section lines was reserved for highway purposes. U.S. Comp. Stat. 1918, § 5034 (1890); Organic Act, ch. 182, § 23, 26 Stat. 92
(1890); see Salyer v. Jackson, 232 P. 412 (syllabus ¶ 1) (Okla. 1924). Similar reservations of section lines for public highways appear in various Tribal Allotment Acts. See Oldfield,565 P.2d at 40 ("In Article 16, Section 2, of the Constitution . . . Oklahoma accepted all reservations of land for public highways, including those under the Osage Allotment Act."); seealso Paschall Prop., Inc. v. Bd. of County Comm'rs,733 P.2d 878, 879 (Okla. 1987) ("trial court erred in permanently enjoining the Board of County Commissioners from opening up the questioned section line road inasmuch as the Cherokee Allotment Act, as accepted by the Oklahoma Constitution, Article 16, Section 2, allows all section lines to be opened" and such roads may not be permanently vacated or abandoned); Denton v. Bd. ofCounty Comm'rs, 873 P.2d 1039, 1043 (Okla. 1994) (section lines reserved for roads in the "Civilized Tribes Allotment Act cannot be abandoned or vacated").[2]
¶ 6 The Board of County Commissioners of each county has the "power and authority upon its own motion to open and establish public roads on section lines anywhere in the county and obtain right-of-way therefor, either by amicable settlement or condemnation proceedings as provided by law." 69 O.S. 2001, §628[69-628]. County commissioners may open or establish roads along section lines or may lay out other new roads in accordance with the procedures set forth in Section 646. Under these procedures, a proposal to locate a road is made by resolution of the board of county commissioners or by petition to the board by at least twelve freeholders residing in the road's vicinity. Id. § 646(A)(1). The board may deny the petition if upon investigation it decides the road is unnecessary and impractical or the board may determine the petition has merit and set the matter for hearing. Id. § 646(A)(3).
¶ 7 If a hearing is set, the county must notify landowners whose property is immediately affected by the road and publish legal notice in a newspaper as specified in the Act. Id. § 646(A)(4), (5). If the owners of the land to be taken agree to the proposed location by providing an easement or donating the land, the board prepares a cost estimate for the project. Id. § 646(B). If the cost is reasonable and the road serves the general public, the board may establish the road as a county highway.Id. "If the board determines that the expense cannot be justified in whole or in part, the board may order that the petitioners must bear the responsibility to adequately fund the proposed action in whole or in part."Id. "If easements are not granted freely, the easements shall be obtained in the manner provided by law and shall be considered in the cost estimate of the [project]." Id. At the time of establishing public roads, the board of county commissioners is to "make an order fixing the width thereof and definitely describing such roads." Id. § 629.
¶ 8 "All section lines in the state which are opened andmaintained by the board of county commissioners or the Department of Public Highways for public use are hereby declared public highways." 69 O.S. 2001, § 1201[69-1201] (emphasis added). "All section lines that are not so opened and maintained for public use may, by resolution of board, on the petition of the owner or all the owners of the abutting land, after public notice and at the expense of petitioner, be designated `reserved section lines' and are in the full and complete control of the owner or owners of the abutting land until such time as the board of county commissioners, by resolution, stating imminent intended use for public highway purposes, and by ninety-day written notice to the owner or owners of the abutting land, revoke said `reserved section lines' status." Id. The statute further provides that "no fee owner shall be denied the right of ingress and egress to his land by virtue of this act." Id. "The purpose of [this provision] is to prevent property from being landlocked so that it is useless." Burkhart v. Jacob, 976 P.2d 1046, 1049 (Okla. 1999); see also Wells v. Webb, 772 P.2d 400, 401 (Okla. 1989) (although county commissioners had not opened the section line road, abutting landowner could not prevent adjoining landowner from using the section line road for ingress and egress to his property); Tr. of the Charles Page Family Care CharitableRemainder Annuity Trust v. Siegel, 38 P.3d 919, 920
(Okla.Ct.App. 2001) (landowner is entitled to use an abutting section line for purposes of ingress and egress to his land "even if the landowner's tract is not entirely landlocked but is materially dependent upon use of the section line").
¶ 9 The board of county commissioners must take affirmative action to create a public road along a section line pursuant to the statutory procedures. Burkhart, 967 P.2d at 1051.
Although a roadway easement is created along a section line, the mere existence of a section line easement confers no right upon third parties to enter land that has not been designated a county road by the board of county commissioners. Frank v. Marberry,985 P.2d 773, 776 (Okla. 1999) (citation omitted).
2. Public Roads Established by Either Statutory or Common LawDedication
¶ 10 A public road may be created by common law dedication. An implied common law dedication is one arising by operation of law. "All that is required to make an implied dedication is the assent of the owner and the use of the premises for the purposes intended by the dedication." Bd. of County Comm'rs v.Cottingim, 448 P.2d 1014th, 1017 (Okla. 1969) (quotingWilliamson v. Needles, 133 P.2d 211 (syllabus ¶ 1) (Okla. 1942)). In Cottingim, plaintiffs contended that a road running across their land and used by the general public for a number of years was a private road. The court found that the acts and conduct of plaintiffs' predecessor in title (a coal company) constituted an implied common-law dedication of the road as a public road. Id. A number of years prior to the plaintiff's acquisition of the land, the coal company had petitioned the board to have the section line road closed and had constructed an alternative road for use by the public. Id. at 1016. The court concluded "the acts and conduct of the [coal company] constituted an implied common-law dedication of the road in question as a public road" and "neither the coal company nor its successors in title can revoke such dedication." Id. at 1017.
¶ 11 Roads may also be dedicated as public roads pursuant to statutory procedures. The board of county commissioners "may adopt by resolution, standard plans and specifications for the establishment and construction of new roads or bridges to be dedicated to the use and benefit of the public." 69 O.S. 2001, §601.1[69-601.1]. "Such roads or bridges must meet such specifications before being accepted and becoming public roads." Id.
3. Public Roads Established by Prescription
¶ 12 County roads may also be established by prescription. "It is well settled in this state that the continuous adverse use of a way over the land of another for a period of 15 years will ripen into an easement." Telford v. Stettmund, 235 P.2d 692,694-95 (Okla. 1951). In Hervey v. Bd. of County Comm'rs,377 P.2d 56, 59 (Okla. 1962), the court held that where a section line road had existed and been continuously used by the public for fifteen years, such road was a public road by prescription. To establish a public highway by prescription, "the use of a claimed public highway or road must be adverse, continuous, and exclusive throughout the prescriptive period." Mefford v.Sinclair, 859 P.2d 1127, 1130 (Okla.Ct.App. 1993); see alsoJames v. Bd. of County Comm'rs, 978 P.2d 1002, 1004
(Okla.Ct.App. 1998) (to acquire an easement by adverse use there must be a "showing of open, visible, continuous and unmolested use of a roadway for a sufficient time"). If the owner acquiesces in or consents to the use of the land, then the use is not adverse and title by prescription cannot be acquired. Bd. of County Comm'rsv. Owen, 166 P.2d 766, 767 (Okla. 1946).
¶ 13 In Luker v. Board of County Commissioners, No. 96, 425,2002 WL 31496658, ___ P.3d. ___, (Okla.Ct.App. 2002), landowners appealed the trial court's finding that the county acquired a prescriptive right to a road which the landowners claimed was private.[3] Landowners contended the road was constructed by landowners' father for easy access to the property and no official action had ever been taken to designate or open the road to the public. The county's evidence showed that the road had been on the county's road inventory since 1961, was open to the public, and had been publicly maintained. The Court of Civil Appeals found that there was competent evidence to justify the trial court's determination that the county met the fifteen-year requirement to acquire a prescriptive easement to the road.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A public road is any road within the county highway system open to the public for purposes of travel including: (1) all section lines opened and maintained by the board of county commissioners as provided in 69 O.S. 2001, § 1201; (2) roads established by the board of county commissioners through the procedures in 69 O.S. 2001, § 646; (3) roads acquired by common law dedication through use of the road with the assent of the owner for the purposes of the dedication; (4) roads included in standard plans and specifications adopted by the board of county commissioners and dedicated for public use pursuant to 69 O.S. 2001, § 601.1; and (5) roads acquired by prescription through open, exclusive, continuous and adverse use of the road by the public for the fifteen-year prescriptive period.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 KATHRYN BASS Assistant Attorney General
[1] This provision does "not apply to cities, towns, planning district[s] or any other area where jurisdiction is otherwise vested by law in a political subdivision to establish standards for the dedication of roads or bridges." Id. § 601.2.
[2] This holding was based on the specific language in the Allotment Act and does not apply to all section lines in the State. The court distinguished between section lines located in the former Oklahoma Territory reserved by the Organic Act and section lines located in the former Indian Territory reserved by some other enactment. Id. at 1042.
[3] This opinion has not yet been released for publication.